NANCY E. LITTLE *v.* LABAN LITTLE.

Upon an application for alimony *pendente lite*, it is unnecessary to decide whether the petition warrants a divorce *a vinculo*, or only a divorce *a mensa et thoro*.

Where a petition for divorce by the wife showed forbearance (and connivance) by her in regard to adulteries committed by the husband while she remained in his house, and then charged that afterwards he drove her from his house by threats of violence, swearing he would kill her if she did not leave : *Held*, to set forth ground sufficient for a divorce *a mensa et thoro*, at least.

(*Whittington* v. *Whittington*, 2 D. & B. 64, and *Hansley* v. *Hansley*, 10 Ire. 506, cited and approved.)

MOTION for *alimony pendente lite*, heard by *Mitchell, J.*, at Spring Term 1868 of the Superior Court of MECKLENBURG.

The facts necessary to an understanding of the opinion appear sufficiently set forth therein.

The Court below having allowed the plaintiff's motion, the defendant appealed.

*J. H. Wilson* for the appellant.
*Dowd, contra.*

BATTLE, J. For the purposes of this case, it is unnecessary for us to decide whether, upon the facts stated by the petitioner, she is entitled to a decree for a divorce *a vinculo matrimonii*, according to the special prayer of her petition; for we are clearly of opinion that, under the general prayer, she is entitled to a divorce *a mensa et thoro*, and that this is sufficient to authorize a decree for alimony *pendente lite*.

The counsel for the defendant made a strong argument to show that the long delay of the plaintiff after a full knowledge of the adulterous acts of her husband amounted to acquiescence in his criminal intercourse with the two black women mentioned in the petition, and was a bar to her claim for a divorce. In support of this argument, he referred to and relied upon the case of *Whittington* v. *Whittington*, 2 Dev. & Bat. 64. In which it was held that an unreasonable delay by one party after a probable knowledge of the criminal conduct of the other would, if unaccounted for, preclude such party from obtaining a decree for either kind of divorce. This argument was met by one equally forcible from the plaintiff's counsel, to prove that a woman might remain for a long time in the same house with her husband while he was carrying on an adulterous intercourse with another woman, and yet obtain a decree for a total divorce if he continued his criminal acts after his brutal condct had at last compelled her to leave him. The counsel referred to the case of *Hansley* v. *Hansley*, 10 Ire., 506; in which is contained the following language: "After such a separation, forced on her by the debasing depravity, violence and other outrages of the husband, she might well insist on any supervening criminality on his part. For so far from being precluded from making complaint of the repetition of the fault, the guilt of the repetition after such forbearance—not connivance—on the part of the wife, would be aggravated beyond that of the first fault. We shall hold, therefore, that she might insist on adultery with this slave, supervening the separation thus forced on her." Upon the petition which we are now considering, we might hold the same thing were there any distinct and unequivocal charges of acts of adultery committed after the petioner had been driven away from her husband's house. But the only expression in the petition tending that way is, that after her husband had forced the petitioner to leave, "he was left in the uninterrupted enjoyment of his negro prostitute, by whom he had begot a child." Whether that expression alleges such a charge of continued adultery as will justify a decree

for a divorce *a vinculo matrimonii*, is, as we have already said, unnecessary for us to decide; because there is a clear and explicit allegation that the defendant drove the petitioner, " with threats of violence, from his house, and swore he would kill her if she did not leave." This, coupled with the previous statements of his adulterous intercourse with two black women successively, clearly entitles the petitioner to a decree at least for a partial divorce, and that is sufficient to sustain the order for alimony *pendente lite*.

The order appealed from is affirmed, and this must be certified to the Court below.

Per Curiam.         Order affirmed.